SANTIAGO JIMÉNEZ RAMOS, Petitioner, v. DISTRICT COURT OF HUMACAO, Respondent.

No. 78. Decided June 24, 1941.

*R. Arjona Siaca* for petitioner.

Mr. Justice Todd, Jr., delivered the opinion of the court.

Petitioner herein has asked us to reconsider our order of June 20, 1941, whereby we refused to issue the writ of prohibition sought by him on that same day, to prevent the District Court of Humacao from compelling him to appear on June 23, 1941, for his arraignment in a prosecution for voluntary manslaughter instituted against him in said court. The only ground alleged by petitioner for the granting of the above writ is that he *personally* had subscribed and filed in the lower court a paper writing in which he waived the arraignment, as he had a copy of the information and knew its contents, pleaded not guilty, and asked for a jury trial. He also set forth his personal circumstances. As already stated, said paper writing was subscribed by the petitioner personally without being represented by counsel.

In the petition for the issuance of the writ of prohibition it is set forth that compelling the defendant to appear to be arraigned, after he had waived such right, constitutes "an appearance which is manifestly unnecessary, *vexatious,* and in every way useless," and that if he fails to appear "in order to avoid the unpleasantness of an *unnecessary vexation,*" he would be punished for contempt against said court.

Although we are not bound to explain the reasons for our refusal to issue an extraordinary writ of this court, we will say that the fact that the petition was decided without delivering an opinion was due to the delay of the peti-

tioner in waiting to file his petition until three days before the day set for the appearance of the defendant in the court below, of which three days one and a half were holidays. For our order to be of any effect it had to be made forthwith. It is alleged in the motion for reconsideration that the hearing in the court below has been continued to June 30, 1941.

Now, although it is true that the jurisprudence cited by petitioner holds that the arraignment may be waived by the defendant in felony cases as well as in misdemeanors, and such is the modern trend in many jurisdictions—see 22 C.J.S. 626, sec. 408—we are of the opinion that the method adopted by petitioner in the instant case, that is, by means of a motion subscribed by him personally, does not amount to such waiver as might be enforced against him at any time, since section 141 of the Code of Criminal Procedure and the decisions of this court in *Ex parte Hernández,* 54 P.R.R. 396; *People* v. *Rivera,* 54 P.R.R. 581; *People* v. *Mercado,* 54 P.R.R. 859; *Ex parte Oropesa,* 55 P.R.R. 274; *Ex parte Rodríguez,* 55 P.R.R. 403; *Ex parte Resto,* 55 P.R.R. 700; *People* v. *Muriel,* 57 P.R.R. 896, require that "If the defendant appears for arraignment without counsel, *he must be informed* by the court that it is his right to have counsel *before being arraigned, and must be asked if he desires the aid of counsel;* and if he desires and is unable to employ counsel, the court *must* assign counsel to defend him." For the court to be in a position to comply with the duties which are mandatory under said section, the defendant must be present. (Italics ours.)

To permit a defendant, who appears in person and unassisted by counsel, to enter a written plea, would violate the above provision and would expose the courts to the injudicious and even unscrupulous acts of some defendants who might in the future, when duly represented by clever counsel, attack their own acts, claiming ignorance of the law. The

rights which defendants may have are not, by any means, the only ones to be considered. The rights of the People of Puerto Rico must also be safeguarded, and to compel a defendant to comply with the law is neither vexatious nor unnecessary. Section 141, *supra,* is mandatory and not merely directory and should be strictly complied with. We are not deciding as to the requisites for a waiver of the arraignment to be valid even where the defendant appears personally and through his counsel.

■ Moreover, the writ in the instant case does not lie, in accordance with the decision in *Fortuna Estates* v. *Texidor,* 26 P.R.R. 233, where, after citing 32 Cyc. 598, 599, it was said:

"Therefore, in accordance with the spirit of jurisprudence and the origin and history of the law, in construing that part of the Porto Rican statute which provides that the writ shall issue '*when by the exercise of its jurisdiction the inferior court will defeat a legal right,*' it must appear that such right is of real importance and that its defeat is manifest. Otherwise, since every erroneous interlocutory order rendered in a suit involves the defeat of a legal right, recourse could be had to the writ of prohibition in all such cases, thus impeding instead of promoting the proper administration of justice. In this connection we desire to say also that, according to the weight of authority, the issuance of a writ of prohibition, with few exceptions, rests in the sound discretion of the court. See 32 Cyc. 599." (Italics ours.)

■ It has also been held by this court that where an ordinary remedy like that of appeal is available to the petitioner, the writ of prohibition does not lie, *Antonetti* v. *Foote,* 16 P.R.R. 562; nor where the matter being cognizable by the court, the wrong procedure has been followed, *Ríos* v. *Foote,* 10 P.R.R. 501.

■ See to the same effect 50 C. J. 676, sec. 43, and as to criminal cases, see page 680, sec. 45, where the doctrine is stated thus:

"Under the general rule that prohibition will not lie for the correction of errors or irregularities committed by an inferior tribunal acting within its jurisdiction, the writ has frequently been refused when sought for such purpose in criminal or quasi-criminal proceedings, as for example on the ground that the information, indictment, or complaint is insufficient to charge an offense; that defendant has been before in jeopardy; that accused was refused a preliminary examination; that accused was bound over for trial in another court; that rulings on motion to set aside an indictment were erroneous;" and in other specified cases.

Moreover, in the State of Indiana where the statute expressly grants an accused the right to waive the arraignment, it has been held in *Wood* v. *The State*, 92 Ind. 269, that it is harmless error for a court to refuse an accused the waiver of such right acknowledged by the statute.

For the reasons stated the reconsideration sought must be denied.